UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

VERNON C. FISCHER,   CIVIL NO. 09-3506 (PJS/JSM)

    Plaintiff,

v.   REPORT AND RECOMMENDATION

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
AURORA LOAN SERVICES, LLC,

    Defendants.

JANIE S. MAYERON, United States Magistrate Judge.

The above matter came before the undersigned United States Magistrate Judge upon Defendants' Motion and Amended Motion to Dismiss [Docket Nos. 3, 7]. Christina M. Weber, Esq. appeared on behalf of defendants. Plaintiff made no appearance at the hearing on the motion to dismiss and submitted no written response.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

I.     FACTUAL BACKGROUND

Plaintiff Vernon C. Fisher ("Fischer") filed the present action with the Court on December 8, 2009. See Complaint [Docket No. 1]. The facts alleged in the Complaint were as follows:

On November 7, 2006, Fischer entered into an agreement for a mortgage with Winstar Mortgage Partners. Id., Fact 2. The loan is currently being serviced by Aurora Loan Services, LLC ("Aurora") and the investor on the loan is Fannie Mae. Id., Fact 3. The foreclosure process has been started on Fischer's mortgage. Id., Fact 4. Fischer submitted his loan documents to a mortgage audit company, which discovered a variety of violations regarding his loan including: interest rate discrepancy; calculation errors; misrepresentation of fees associated with the loan; varying interest rates; the annual percentage rate had been calculated incorrectly resulting in excess charges; financial documentation needed to verify the ability to repay the loan had been omitted; loan identification and disclosures were not provided in accordance with the law; disclosures were not made as to how the financial charges were computed and charges were imposed; and the language in the loan documents was not clear and concise in a manner that could be understood. Id., Fact 5. Fischer sought relief under the Truth in Lending Act ("TILA"); the Real Estate Settlement Procedures Act ("RESPA") and the Home Ownership and Equity Protection Act ("HOEPA"). See Complaint at p. 3. Fischer's request for relief included rescission of the loan, monetary damages and statutory damages. Id.

In-house legal counsel for defendant Mortgage Electronic Registration Systems, Inc., ("MERS"), John Murphy, represented that MERS had not been served with the Summons and Complaint. See Affidavit of John A. Murphy ("Murphy Aff."), ¶ 1. Defendant Aurora's Vice President, Laura McCann, represented that Aurora has not been served with the Summons and Complaint, but learned of the action through its foreclosure counsel. See Affidavit of Laura McCann ("McCann Aff."), ¶ 14.

In lieu of answering the Complaint, both MERS and Aurora brought a motion to dismiss Fischer's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Fischer's TILA and HOEPA claims should be dismissed with prejudice as the provisions under these statutes are not applicable to Fisher's "residential mortgage transaction." See Defendants' Memorandum of Law in Support of Motion to Dismiss at pp. 5-7. Defendants also asserted that Fischer's HOEPA claim should dismissed because the Complaint failed to set forth which provision of the act was violated and e Fischer failed to bring this claim within the applicable statute of limitations. Id. at p. 7. In addition, defendants claimed that Fischer's Complaint should be dismissed as he failed to serve the Summons and Complaint on them within 120 days of the filing of the Complaint. Id. at pp. 8-9. Although defendants asserted that the Court lacked personal jurisdiction over them due to Fischer's failure to effectuate service of his suit, they have expressed a desire to waive service of process for the limited purpose of exercising jurisdiction over their Motion to Dismiss. See Defendants' Supplemental Memorandum in Support of its Motion to Dismiss at p. 2.

## II.   ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(5), improper service of process may be grounds for dismissal. See Fed. R. Civ. P. 12(b)(5). The burden of establishing the validity of service of process falls on the plaintiff. See Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A., 51 F.3d 1383, 1387 (8th Cir. 1995) (citation omitted). "Proper service of process is necessary because,'"[i]f a defendant is improperly served, a federal court lacks jurisdiction over the defendant.'" Redding v. Hanlon, 2008 WL 762078 at *5 (D. Minn. March 19, 2008) (citing Printed Media

Services, Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993), citing Dodco, Inc. v. American Bonding Co., 7 F.3d 1387, 1388 (8th Cir.1993); Murphy Bros., Inc. v. Michetti Pipe Stringing, 526 U.S. 344, 350 (1999); Sieg v. Karnes, 693 F.2d 803, 807 (8th Cir. 1982); Personalized Brokerage Services, LLC v. Lucius, 2006 WL 2975308 at *1 (D. Minn. Oct. 16, 2006)). Proof of service must be made to the Court via an affidavit from the server. See Fed. R. Civ. P. 4(l). In this case, no affidavit of service has seen issued with regards to the service of the Summons and Complaint on defendants.

Pursuant to Rules 4(c) and 4(m), a plaintiff is responsible for service of the Summons and Complaint upon defendant within 120 days after the filing of the Complaint.

Rule 4(h) addresses service of process on corporations and provides in relevant part:

> h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant. . . .

Fed. R. Civ. P. 4(h)(1).

Federal Rule of Civil Procedure 4(e)(1) provides that service in a federal district court may be effected pursuant to the laws of the state in which the court is located. Pursuant to Minnesota law, "a plaintiff may effectively serve a summons and complaint by two methods: personally under Minn. R. Civ. P. 4.03 or acknowledgment by mail under Minn. R. Civ. P. 4.05." Turek v. ASP of Moorhead, Inc., 618 N.W.2d 609, 611 (Minn. Ct. App. 2000), rev. denied (Minn. Jan. 26, 2001). With regard to corporations, under Minnesota law, "[s]ervice on a corporation is accomplished by delivering a copy of the complaint to an officer, managing agent, or any other agent expressly or impliedly designated to receive service." Alholm v. American Steamship Co., 144 F.3d 1172, 1176 (8th Cir. 1998) (citing Minn. R. Civ. P. 4.03(c). "'Service of process in a manner not authorized by the rule is ineffective service.'" Lundgren v. Green, 592 N.W.2d 888, 890 (Minn. Ct. App. 1999), rev. denied (Minn. July 28, 1999) (quoting Tullis v. Federated Mutual Ins. Co., 570 N.W.2d 309, 311 (Minn. 1997)).

A court may dismiss an action without prejudice if service is not made "within 120 days after the filing of the complaint." Fed. R. Civ. P. 4(m).

In this case, the Complaint was filed on December 8, 2009. Under Rule 4(m), the deadline for service of the Summons and Complaint on the defendants was April 6, 2010. Although defendants have received notice of Fischer's suit via Aurora's foreclosure legal counsel, they have not yet been served in manner that is required to serve corporations under Minnesota law.[1] See Murphy Aff., ¶ 1; McCann Aff., ¶ 14.

---

[1] This Court notes that actual notice to a defendant of a lawsuit does not excuse the service burden from a plaintiff. See Hinz v. Washington Mutual Home Loans, 2004 WL 729239 at *2 (D. Minn. April 2, 2004) (citing Sieg v. Karens, 693 F.2d 803, 807 (8th Cir. 1982)).

5

The Court is well aware that Fischer is proceeding pro se and is certainly willing to grant him some latitude because of this status. But, almost eight months have passed and defendants still have not been served in a manner which consistent with the Federal or Minnesota Rules of Civil Procedure. While Rule 4(m) requires this Court to extend time for service if Fischer shows good cause for his failure to serve defendants, Fischer did not do provide any explanation for not serving defendants. To the contrary, Fischer failed to make an appearance at the hearing on the motion to dismiss, and did not provide a written response or otherwise communicate with the Court.[2] Based on this record, this Court has no basis for providing him with any additional time to effectuate service.

Having determined that defendants were never served with the Summons and Complaint, the Court concludes it lacks personal jurisdiction over them. See Hinz, 2004 WL 729239 at *2 (in dismissing the complaint for insufficiency of service of process, the court recognized that the plaintiffs were "proceeding pro se in this matter, and may therefore not fully appreciate the procedural requirements of bringing a lawsuit in federal court. However, the Court is obligated to uphold the rights and protections afforded Defendants when those Defendants are brought before this Court."). Therefore, pursuant to Rule 4(m), the Complaint should be dismissed without prejudice.

---

[2] Defendants' counsel represented at the hearing that defendants served the motion to amend on Fischer by mail on the address listed in his Complaint, located in Blaine, Minnesota. (The initial notice for the motion to dismiss was served in March of 2010 and the amended notice was served by mail on April 6, 2010.) Counsel also represented that she attempted to reach Fischer at the telephone number listed on the Complaint, which was the telephone number of his son-in-law. Counsel last spoke with the son-in-law a few days prior to the hearing. The son-in-law stated that Fischer was in Mexico, but that he was checking in and that the son-in-law said he would give Fischer the message that she had called.

As to defendants' desire to waive the issue of lack of personal jurisdiction for the limited purpose of allowing this Court to rule on the merits of their Rule 12(b)(6) motion to dismiss, this Court has no choice but to deny this request as it cannot reach the merits of Fischer's claims without a full waiver of service by defendants. See Murphy Bros., Inc., 526 U.S. at 350 ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."); see also Johnson v. Woodcock, 444 F.3d 953, 954 n. 2 (8th Cir. 2006) ("Because we hold that the district court lacked personal jurisdiction, we do not reach the merits of Johnson's Lanham Act claim. We are not empowered to issue opinions on moot questions or to declare rules of law that do not affect the case before us.") (citing Republican Party of Minnesota v. Klobuchar, 381 F.3d 785, 790 (8th Cir. 2004)); Falkirk Min. Co. v. Japan Steel Works, Ltd., 906 F.2d 369, 372 (8th Cir. 1990) ("Before a district court can reach the merits of a dispute and enter legally binding orders, it must determine as a threshold matter whether it possesses personal jurisdiction over the defendants."); Thao v. Deutsche Bank Nat. Trust Co., 2010 WL 2292260 at *1 (D. Minn. June 03, 2010) ("First, Rule 4(m) expressly contemplates dismissal without prejudice where the plaintiff has failed to timely effect service. Second, by virtue of that failure here, the Court lacks personal jurisdiction over Deutsche Bank. Courts should not address claims on the merits where personal jurisdiction is lacking.") (citations omitted).

### III. RECOMMENDATION

For the reasons set forth above, and based on all the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Defendants' Motion and Amended Motion to Dismiss [Docket Nos. 3, 7] be **GRANTED**.

2. Plaintiff's Complaint should be **DISMISSED WITHOUT PREJUDICE**.


DATED: July 30, 2010

s/ *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 13, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **August 13, 2010**.